**Andrea D. Coit, OSB #002640**
**andrea.coit@harrang.com**
HARRANG LONG GARY RUDNICK P.C.
360 East 10th Avenue, Suite 300
Eugene, OR 97401-3273
Telephone:    541.485.0220
Facsimile:    541.686.6564
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **TANNERITE SPORTS, LLC and DANIEL TANNER,** | Case No. __6:15-cv-180_____ |
| Plaintiffs, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| vs. | **DEMAND FOR JURY TRIAL** |
| **JERENT ENTERPRISES, LLC, dba SONIC BOOM EXPLODING TARGETS,** | |
| Defendant. | |

Plaintiffs Tannerite Sports, LLC ("Tannerite") and Daniel Tanner (collectively "Plaintiffs") bring this action against Jerent Enterprises, LLC (d/b/a Sonic Boom Exploding Targets) (hereinafter "Sonic Boom Exploding Targets") for patent infringement arising out of the Patent Laws of the United States, Title 35, United States Code.

**PARTIES**

1.

All facts herein are alleged on information and belief except those facts concerning Daniel Tanner and Tannerite's own activities.

Page 1 – **COMPLAINT FOR PATENT INFRINGEMENT**

2.

Sonic Boom Exploding Targets is a Nebraska Limited Liability Company with its principal place of business at 7802 S 169th St., Omaha, Nebraska 68136.

3.

Tannerite is an Oregon Limited Liability Company with its principal place of business in Pleasant Hill, Lane County, Oregon.

4.

Daniel Tanner is a United States Citizen with a principal place of residence in Pleasant Hill, Lane County, Oregon.

**JURISDICTION AND VENUE**

5.

This is an action for patent infringement under the Patent Act, 35 U.S.C § 271.

6.

This Court has personal jurisdiction over Sonic Boom Exploding Targets because Sonic Boom Exploding Targets, in part through appointment of Elite Outdoor Sports Marketing Group, has directed a targeted sales and marketing effort specifically to the District of Oregon; has, through its website, http://www.sonicboomtargets.com, knowingly sold infringing products directly and indirectly to customers within the District of Oregon, both as a result of direct sales and through its authorized District of Oregon dealers; has customers that reside in the District of Oregon; makes, sells, and uses infringing products in the District of Oregon; has solicited business and has attempted to derive financial benefit from the District of Oregon, including benefits directly related to the instant cause of action set forth herein; and has committed and continues to commit acts of patent infringement in this District.

7.

This Court has subject matter jurisdiction by virtue of Sections 1331 and 1338(a) of Title 28, United States Code.

8.

Venue in this Court is proper by virtue of Sections 1391 (b) and (c) and 1400(b) of Title 28, United States Code.

## BACKGROUND

### A. Tannerite's Products and Patent Rights

9.

At a young age, Daniel Tanner's interest and fascination with special effects was fostered by his grandfather in his Oregon workshop.

10.

After many years of work, Daniel Tanner obtained an Alcohol, Tobacco, and Firearms (ATF) federal license, and he began experimenting to create a safe binary exploding target.

11.

Daniel Tanner is a pioneer of binary exploding targets specifically designed to be safe and non-flammable, whether said targets are sitting on a shelf, being mixed, or used.

12.

When shot with a high-power rifle, Tannerite binary exploding rifle targets produce water vapor and an audible boom.

13.

On February 1, 2005, United States Patent No. 6,848,366 (the "'366 patent") was duly and legally issued to Daniel Tanner for an invention on binary exploding rifle targets.

14.

On August 16, 2005, Daniel Tanner, the sole inventor of the '366 patent, filed a first reissue patent application, Serial No. 11/206,283 (the "'283 reissue application"), for the reissue of the '366 patent.

15.

On July 23, 2013, United States Patent No. RE44,386 (the "'386 patent") was duly and legally issued from the '283 reissue application.  The title of the '386 patent is "Binary

Exploding Target, Package Process and Product." A true and correct copy of the '386 patent is attached as Exhibit A.

16.

Tannerite is the owner by way of assignment from Daniel Tanner of 50% of the entire interest in the '386 patent.  Daniel Tanner owns the remainder 50% interest in the entire '386 patent.

17.

On July 18, 2013, Daniel Tanner filed a second reissue patent application, Serial No. 13/945,803 (the "'803 reissue application"), for the reissue of the '366 patent.

18.

The '803 reissue application was filed as a continuation reissue application of the copending '283 reissue application.

19.

Tannerite is the owner by way of assignment from Daniel Tanner of 50% of the entire interest in the '803 reissue application.  Daniel Tanner owns the remainder 50% interest in the '803 reissue application.

20.

The '803 reissue application was recently allowed by the U.S. Patent Office, as evidenced by the Notice of Allowance dated January 14, 2015.  A true and correct copy of the last amendment filed in the '803 reissue application, which contains the allowed claims, is attached as Exhibit B, and a true and correct copy of the Notice of Allowance is attached as Exhibit C. Upon processing of the Issue Fee, it is believed that this continuation reissue application will proceed to become a second reissue patent (the "Second Reissue Patent").

21.

In addition to infringing the '386 patent, as alleged in Count One herein, it is believed that Sonic Boom Exploding Targets also infringes the allowed claims of the '803 reissue application, which is about to issue as the Second Reissue Patent.  Upon issuance, Tannerite

intends to file an amended complaint to include a second count for infringement of the Second Reissue Patent.

22.

Tannerite manufactures, sells, and distributes Tannerite®-brand binary exploding rifle targets, which practice the claims of the '386 patent and the allowed claims of the '803 reissue application.

23.

Daniel Tanner is the owner of, and Tannerite is the exclusive licensee of, U.S. Trademark Registration No. 3,900,243 for the mark Tannerite® in connection with the following identified goods: "Firearm targets, namely, Binary Exploding Rifle Target."  A true and correct copy of the Tannerite® registration is attached as Exhibit D.

24.

Tannerite's products are used as shot indictors for target practice at rifle ranges.  True and correct photographs of example Tannerite products are attached as Exhibit E.

25.

Tannerite® is the shot indicator target of choice for hunters, law enforcement, and U.S. armed services.

26.

Tannerite's products utilize high-quality components to ensure that the explosion of a Tannerite product is non-incendiary.

27.

Tannerite's products are sold as ¼-pound, ½-pound, and 1-pound size targets to minimize noise disturbances or projectiles that could be created through the explosion of the target.

28.

Tannerite is licensed to manufacture explosives; however, consumer users of binary exploding targets do not require any licensure to purchase, make, or use the Tannerite®-brand

products when the user follows the directions for using Tannerite®-brand binary exploding rifle targets.

**B.     Sonic Boom Exploding Targets' Infringing Products and Related Actions**

29.

Sonic Boom Exploding Targets has made, used, offered for sale and sold, and makes, uses, offers for sale, and sells in the United States binary exploding rifle targets that infringe patent rights of Tannerite.

30.

The binary exploding rifle targets made, used, offered for sale, and sold by Sonic Boom Exploding Targets are sold under at least the brand name "Sonic Boom" (the "Accused Products").  True and correct photographs of example Accused Products are attached as Exhibit F.

31.

The Accused Products are binary exploding rifle targets, nearly identical to Plaintiffs' products, wherein the Accused Products consist of two containers—one container containing an oxidizer (ammonium nitrate) and a second container containing a catalyst (aluminum powder).

32.

The Accused Products instruct the end user, *inter alia*, to combine the contents of the two containers into a container, mix the contents, set the container with the combined contents at a location to be used for a shooting exercise, and fire a rifle round at the container with the combined contents to explode the container.

33.

On its web site, Sonic Boom Exploding Targets provides, *inter alia*, the following instructions to end users:

> Sonic Boom Exploding Targets are to be used only as a shot
> indicator in conjunction with sporting firearms. . . . Once mixed it
> must be impacted with a high velocity round placed in the center or
> near center of the target to ignite the target. . . . Mixing all the

Page 6 – **COMPLAINT FOR PATENT INFRINGEMENT**

contents in a sealable plastic bag is the fastest easiest way to mix. . . . Each target contains two components, a oxidizer and a catalyst which is pre-measured for each target and sealed in a bag on the outside of the jar.  To prep the target for use (first read and ensure you understand all directions and safety instructions on the label of the target), simply open the target, remove the catalyst bag from the side of the target and dump the contents back into the jar. Seal the container back up, mix in a shaking / twisting motion for 60 to 90 seconds "make sure all white prills are coated" if you experience issues mixing the target use a plastic sealable bag as a faster way to mix. Place the target at a safe distance of 100+ yards and do not place target around objects that can become shrapnel. Then take aim and fire.

True and correct copies of pages excerpted from Defendant's web site are attached as <u>Exhibit G</u>.

34.

Sonic Boom Exploding Targets' nearly identical Accused Products lead to confusion in the marketplace with respect to Plaintiffs' products.

35.

An example of harmful confusion created by Defendant's infringing products is illustrated by the YouTube Video entitled "20LBs of Sonic Boom Tannerite Exploding Target Vs a dump truck," located at the URL http://www.youtube.com/watch?v=Qh7R_8mJHcA. This video depicts Sonic Boom Exploding Targets' 20-lb. exploding product blowing up a dump truck.  Despite the title, no Tannerite products are employed in this video.

36.

Another example of harmful confusion created by Defendant's infringing products is illustrated by the YouTube Video entitled "Four Pounds of Sonic Boom VS Straw Bale (Tannerite)," located at the URL http://www.youtube.com/watch?v=oCX3k9pjpDU.  This video depicts Sonic Boom Exploding Targets' product blowing up a straw bale from an unsafe distance.  Despite the title, no Tannerite products are employed in this video.

37.

The nearly identical Accused Products directly compete with Tannerite's products in the marketplace.

38.

The sale of the Accused Products directly and irreparably harms Tannerite's reputation, good will, and market share in the industry of the binary exploding targets. Tannerite is known in the industry as the creator of the market for binary exploding rifle targets.

39.

Upon information and belief, the nearly identical Accused Products utilize a low-quality oxidizer, which, when combined with the catalyst and exploded, creates a fireball that may cause brush and/or forest fires. The resultant fireball from the Accused Products is readily apparent from the Defendant's own product demonstration videos from its official YouTube channel, located at the URL http://www.youtube.com/channel/UCMJ8MDuovVazNHEM5IIg7qw, and specifically demonstrated in the video entitled "Sonic Boom Exploding Targets" located at the URL http://www.youtube.com/watch?v=j194oTCGDIc.  Such fires have already caused irreparable harm to the Tannerite® brand.

40.

Upon information and belief, the Accused Products are sold as larger sizes, such as two-pound targets, and even a 20-lb. "bulk mix" which create excessive noise and projectiles upon explosion, endangering nearby users and onlookers, and creating unwanted noise in nearby communities. One example is shown in the YouTube video entitled "20LBs of Sonic Boom Tannerite Exploding Target Vs a dump truck," located at the URL http://www.youtube.com/watch?v=Qh7R_8mJHcA.

41.

An example of Defendant's products creating excessive noise include incidents cited in the article entitled "Knox County Police try to Solve Big-Bang Problem," located at the URL http://bangordailynews.com/2012/12/19/news/midcoast/knox-county-police-try-to-solve-big-

bang-problem. As noted in the previous Section, above, Sonic Boom sells large sized 20-lb. targets which create excessive noise upon explosion. The article entitled "Exploding Targets Creating Huge Blasts Concern for Police," located at the URL http://www.wbrz.com/news/exploding-targets-creating-huge-blasts-concern-for-police/, is evidence that the use of large quantities of the product, such as in the 20-lb. targets of Sonic Boom, cause fear in the public and anger by law enforcement. Copies of these articles are attached hereto as Exhibit H.

42.

Upon information and belief, the United States Forest Service has banned the use and possession of all binary exploding rifle targets on most of its timber lands due to competing infringing products creating a fireball when exploded, such as that depicted in the Defendant's video entitled "Sonic Boom Exploding Targets," located at the URL http://www.youtube.com/watch?v=j194oTCGDIc.

43.

Upon information and belief, certain jurisdictions, such as the State of Maryland, are drastically limiting the purchase, use, and sales of binary exploding rifle targets, including Tannerite®-brand binary exploding rifle targets, due to excessive noise and dangerous conditions caused by competing infringing products, such as the Accused Products in this case.

## CAUSES OF ACTION

## Count One: Infringement of U.S. Patent No. RE44,386

44.

Sonic Boom Exploding Targets has, without authority, consent, right, or license, infringed and is infringing at least claim 25 of the '386 patent directly under 35 U.S.C. § 271(a) by making, using, selling, and offering for sale in the United States the Accused Products, and will continue to do so unless enjoined by the Court.

45.

Customers and end users of Sonic Boom Exploding Targets have, without authority, consent, right, or license, infringed and are infringing the '386 patent directly under 35 U.S.C. § 271(a) by making and using in the United States the Accused Products and by exploding the Accused Products.

46.

Sonic Boom Exploding Targets has had knowledge that the Accused Products infringe the '386 patent since at least October 24, 2014, when Sonic Boom Exploding Targets received from Plaintiffs' counsel a letter enclosing a copy of the '386 patent and stating the invention of the '386 patent was directed to binary exploding rifle targets.  A copy of the October 24, 2014 letter is attached as Exhibit I.

47.

Sonic Boom Exploding Targets has purposefully caused, encouraged, and urged customers and end users to make and use the Accused Products in the United States with the knowledge and intent that such activities would directly infringe the '386 patent, and has intended that customers and end users carry out such activities.

48.

Sonic Boom Exploding Targets has purposefully caused, encouraged, and urged customers and end users to make and use the Accused Products through, *inter alia*, instructions provided with the Accused Products and instructions and demonstrations made by Sonic Boom Exploding Targets at its website located at the URL http://www.sonicboomtargets.com, and its official YouTube channel located at the URL http://www.youtube.com/watch?v=j194oTCGDIc. Sonic Boom Exploding Targets has had such knowledge and intent at least since receiving through its counsel a letter from Plaintiffs' counsel on October 24, 2014.

49.

Sonic Boom Exploding Targets further has such knowledge and intent because Sonic Boom Exploding Targets had engaged in negotiations in obtaining a possible license on the '386

patent, which ultimately did not materialize into a license agreement to Sonic Boom Exploding Targets.

50.

Sonic Boom Exploding Targets therefore induces, under 35 U.S.C. § 271(b), customers' and end users' direct infringement of the '386 patent, and will continue to do so unless enjoined by this Court.

51.

Sonic Boom Exploding Targets is liable for contributory infringement under 35 U.S.C. § 271(c), as it has knowledge that its products and/or product components are especially made or adapted for use in infringement of one or more claims of the '386 patent.

52.

Sonic Boom Exploding Targets' products and/or product components are material components of a combination, where the combination is used to practice one or more claims of the '386 patent.

53.

Sonic Boom Exploding Targets' products and/or product components are specifically made for use in combination and are not a staple article of commerce suitable for a substantial non-infringing use.

54.

As a result of Sonic Boom Exploding Targets' infringement, Plaintiffs have suffered and will continue to suffer damages in an amount to be proven at trial.

55.

The acts of infringement set forth above have occurred with full knowledge of the '386 patent. The infringement has occurred despite an objectively high likelihood that the acts constituted infringement. The risk of infringement was either known to Sonic Boom Exploding Targets, or so obvious it should have been known to them.  Such willful and deliberate conduct by Sonic Boom Exploding Targets makes this an exceptional case as provided in 35 U.S.C § 285.

56.

As a result of Sonic Boom Exploding Targets' infringement, Plaintiffs have been damaged, and will continue to be damaged, until Sonic Boom Exploding Targets is enjoined from further acts of infringement.

57.

Plaintiffs face real, substantial and irreparable damage and injury of a continuing nature from Sonic Boom Exploding Targets' infringement, for which Plaintiffs have no adequate remedy at law.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray:

1.      That this Court find Sonic Boom Exploding Targets has  committed acts of patent infringement under the Patent Act, 35 U.S.C § 271;

2.      That this Court enter judgment that:

(a)     Plaintiffs are the owners of the '386 Patent and all rights of recovery under the '386 Patent;

(b)     Plaintiffs' '386 Patent is valid and enforceable; and

(c)     Sonic Boom Exploding Targets has willfully infringed the Plaintiffs' '386 Patent;

3.      That this Court issue an preliminary injunction enjoining the Defendant, its officers, agents, servants, employees and attorneys, and any other person in active concert or participation with them, from continuing the acts herein complained of, and more particularly, that the Defendant and such other persons be permanently enjoined and restrained from further infringing the '386 patent;

4.      That this Court issue a permanent injunction, enjoining Sonic Boom Exploding Targets and its officers, directors, agents, servants, employees, affiliates, divisions, branches,

subsidiaries, parents, and all others acting in concert or privity with them from infringing or inducing the infringement of the '386 patent;

     5.     That this Court award Plaintiffs the damages to which they are entitled due to Sonic Boom Exploding Targets' patent infringement with both pre-judgment and post-judgment interest;

     6.     That Sonic Boom Exploding Targets' infringement of the '386 patent be adjudged willful and that the damages to Plaintiffs be increased by three times the amount found or assessed pursuant to 35 U.S.C. § 284;

     7.     That this Court enter a judgment and order requiring Sonic Boom Exploding Targets to pay the costs of this action (including all disbursements), as well as attorneys' fees as provided by 35 U.S.C. § 285; and

     8.     For such other further relief in law or equity to which Plaintiffs may be justly entitled.

     DATED this 2nd day of January, 2015.

               HARRANG LONG GARY RUDNICK P.C.


               By:   s/ Andrea D. Coit
                    Andrea D. Coit, OSB #002640
                    Attorney for Plaintiffs

00654440.v1