**Joshua M. Wolf,** OSB No. 141892
**Josh@WolfLegalPDX.com**
WOLF LEGAL, LLC
17390 SW Rose Petal Lane #206
Beaverton, Oregon 97003
Telephone:    503.893.9788

**Michael T. Hilgers,** *Admitted Pro Hac Vice*
**mhilgers@goberhilgers.com**
GOBER HILGERS PLLC
14301 FNB Parkway, Suite 100
Omaha, NE 68154
Telephone:    (402) 218-2106
Facsimile:    (877) 477-5755

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **TANNERITE SPORTS, LLC, and DANIEL TANNER,** | **Case No.** 6:15-cv-00180-AA |
| Plaintiffs, | **DEFENDANT JERENT ENTERPRISES' FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **v.** | |
| **JERENT ENTERPRISES, LLC, dba SONIC BOOM EXPLODING TARGETS,** | |
| Defendant. | |

For its first amended answer, affirmative defenses, and counterclaims to plaintiffs

Tannerite Sports, LLC's ("Tannerite") and Daniel Tanner's (collectively, "Plaintiffs") First

PAGE 1 – **DEFENDANT JERENT ENTERPRISES' FIRST AMENDED ANSWER, FFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Amended Complaint For Patent Infringement ("Complaint") (Dkt. No. 19), defendant Jerent Enterprises, LLC, dba Sonic Boom Exploding Targets ("Jerent") respectfully answers as follows:

<u>ANSWER</u>

**PARTIES**

1.      Paragraph 1 does not call for a response.

2.      Jerent admits that Jerent is a Nebraska limited liability company with its principal place of business in Nebraska.  Jerent further admits that it is doing business as Sonic Boom Exploding Targets.

3.      Jerent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and on that basis denies them.

4.      Jerent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, and on that basis denies them.

**JURISDICTION AND VENUE**

5.      Jerent admits that the Complaint purports to be an action arising under the Patent Act, 35 U.S.C. § 271, as alleged in Paragraph 5, but denies that Plaintiffs' claims have any legal or factual basis.

6.      Jerent admits that this Court has personal jurisdiction over Jerent, as alleged in Paragraph 6, but Jerent denies that it has committed any infringement or other wrongdoing in this or any other district.  Jerent further admits that it markets and sells its Sonic Boom Exploding Targets throughout the United States, including to customers in Oregon.  Jerent further admits that it markets and sells its products through distributors and through its website located at www.sonicboomtargets.com.  Jerent denies that its products infringe Plaintiffs' patents.

7.      Jerent admits that this Court has subject matter jurisdiction over this action by virtue of Sections 1331 and 1338(a) of Title 28, United States Code, as alleged in Paragraph 7, insofar as the Complaint purports to state claims for patent infringement arising under the Patent Act, 35 U.S.C. § 271, *et seq.*, but denies any wrongdoing or infringement.

8.      Jerent admits that venue is proper in this District by virtue of Sections 1391(b) and (c) and 1400(b) of Title 28, United States Code, as alleged in Paragraph 8, but denies that Jerent has committed any infringement or other wrongdoing in this or any other district.

## BACKGROUND

### A.      Tannerite's Products and Patent Rights.

9.      Jerent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and on that basis denies them.

10.      Jerent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, and on that basis denies them.

11.      Jerent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and on that basis denies them.

12.      Jerent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, and on that basis denies them.

13.      In response to Paragraph 13, Jerent admits that United States Patent No. 6,848,366 (the "'366 patent") speaks for itself but denies that that the '366 patent is valid or was duly and legally issued.

14.      Jerent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and on that basis denies them.

15.    Jerent admits that what appears to be a copy of United States Patent No. RE44,386 (the "'386 patent") is attached as Exhibit A to the Complaint.  Jerent admits that, on its face, Exhibit A states that it was issued on July 23, 2013, and that its title is "Binary Exploding Target, Package Process and Product."  Jerent denies that the '386 patent is valid or was duly and legally issued.  Jerent further denies any remaining allegations contained in Paragraph 15.

16.    Jerent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and on that basis denies them.

17.    Jerent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, and on that basis denies them.

18.    Jerent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, and on that basis denies them.

19.    Jerent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19, and on that basis denies them.

20.    Jerent admits that what appears to be a copy of an amendment in reissue patent application Serial No. 13/945,803 (the "'803 reissue application") is attached as Exhibit B to the Complaint.  Jerent admits that what appears to be a copy of a Notice of Application for the '803 reissue application is attached as Exhibit C to the Complaint.  Jerent admits that, on its face, Exhibit C lists January 14, 2015 and the date mailed and is titled "Notice of Allowance and Fee(s) Due."  Jerent admits that what appears to be a copy of United States Patent No. RE45,440 (the "'440 patent") is attached as Exhibit J to the Complaint.  Jerent admits that, on its face, Exhibit J states that it was issued on March 31, 2015, and that its title is "Binary Exploding

Target, Package Process and Product." Jerent denies that the '440 patent is valid or was duly and legally issued. Jerent further denies any remaining allegations contained in Paragraph 20.

21. Jerent denies that it has committed any infringement or other wrongdoing, and denies the remaining allegations, if any, of Paragraph 21.

22. Jerent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, and on that basis denies them.

23. Jerent admits that what appears to be a copy of the U.S. Trademark Registration No. 3,900,243 is attached as Exhibit D to the Complaint. Jerent admits that, on its face, Exhibit D identifies the mark Tannerite and identifies the goods as: "Firearm targets, namely, binary exploding rifle target." Jerent is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23, and on that basis denies them.

24. Jerent admits that what appear to be photographs of example Tannerite products are attached as Exhibit E to the Complaint. Jerent is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24, and on that basis denies them.

25. Jerent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, and on that basis denies them.

26. Jerent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, and on that basis denies them.

27. Jerent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27, and on that basis denies them.

28.     Jerent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, and on that basis denies them.

**B.     Sonic Boom Exploding Targets' Infringing Products and Related Actions.**

29.     Jerent admits that it has made, used, offered for sale and sold, and makes, uses, and has offers for sale, and sells, in the United States, Sonic Boom Exploding Targets.  Jerent denies that it, its Sonic Boom Exploding Targets, or any other Jerent product infringe, in any way, any purported patent rights of Tannerite, as alleged in Paragraph 29.

30.     In response to Paragraph 30, Jerent admits that it has made, used, offered for sale, and sold Sonic Boom Exploding Targets under the brand name "Sonic Boom" and that what appear to be photographs of Jerent's Sonic Boom product are attached as Exhibit F to the Complaint.  Jerent denies that it or its "Sonic Boom" products infringe, in any way, any purported patent rights of Plaintiffs.

31.     Jerent denies the allegations contained in Paragraph 31.

32.     Jerent denies the allegations contained in Paragraph 32.

33.     Jerent admits that what appears to be a copy of a pages excerpted from its web site is attached as Exhibit G to the Complaint and that Jerent's website speaks for itself.  Jerent denies the remaining allegations, if any, of Paragraph 33.

34.     Jerent denies the allegations contained in Paragraph 34.

35.     Jerent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35, and on that basis denies them.

36.     Jerent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36, and on that basis denies them.

37.     Jerent denies the allegations contained in Paragraph 37.

38.     Jerent denies the allegations contained in Paragraph 38.

39.     Jerent denies the allegations contained in Paragraph 39.

40.     Jerent denies the allegations contained in Paragraph 40.

41.     Jerrent denies that its products create excessive noise.  Jerent admits that what appear to be copies of two articles are attached as Exhibit H to the Complaint.  Jerent admits that, on its face, Exhibit H's titles are "Knox County Police try to solve 'big-bang' problem" and "Huge explosion shakes neighborhood but it's legal."  Jerent denies that Exhibit H is admissible evidence and denies that it supports the allegations contained in Paragraph 41.  Except as expressly admitted or denied herein, Jerent is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 41, and on that basis denies them.

42.     Jerent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42, and on that basis denies them.

43.     Jerent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43, and on that basis denies them.

## CAUSES OF ACTION

### Count One: Infringement of U.S. Patent No. RE44,386

44.     Jerent denies that it has committed any acts of infringement in this district or elsewhere, denies that it has caused any injury or damage to Plaintiffs or that Plaintiffs are entitled to recover damages in any amount, and denies the allegations contained in Paragraph 44.

45.     Jerent denies the allegations contained in Paragraph 45.

46.     Jerent admits that a letter was sent by Plaintiffs' counsel on or about October 24, 2104.  Jerent admits that what appears to be a copy of the letter is attached as Exhibit I to the

PAGE 7 – **DEFENDANT JERENT ENTERPRISES' FIRST AMENDED ANSWER, FFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Complaint.  Jerent denies that it has infringed any valid and enforceable claim of the '386 patent and therefore denies the remaining allegations contained in Paragraph 46.

47.      Jerent denies the allegations contained in Paragraph 47.

48.      Jerent admits that it provides instructions for its Sonic Boom line of products, and that those instructions are also listed on its website www.sonicboomtargets.com and on its YouTube channel.  Jerent denies the remaining allegations contained in Paragraph 48.

49.      Jerent admits that communications between Tannerite and Jerent occurred regarding Tannerite's alleged patent rights and admits that the parties did not enter into a license of the '386 patent, but denies that such discussion are admissible under Federal Rule of Evidence 408, denies that a license to the patent is required, and further denies the remaining allegations, if any, contained in Paragraph 49.

50.      Jerent denies the allegations contained in Paragraph 50.

51.      Jerent denies the allegations contained in Paragraph 51.

52.      Jerent denies the allegations contained in Paragraph 52.

53.      Jerent denies the allegations contained in Paragraph 53.

54.      Jerent denies the allegations contained in Paragraph 54.

55.      Jerent denies the allegations contained in Paragraph 55.

56.      Jerent denies the allegations contained in Paragraph 56.

57.      Jerent denies the allegations contained in Paragraph 57.

**Count Two: Infringement of U.S. Patent No. RE45,440**

58.      Jerent denies the allegations contained in Paragraph 58.

59.      Jerent denies the allegations contained in Paragraph 59.

60.    Jerent admits that it received a copy of the original complaint, filed February 2, 2015.  Jerent admits that what appears to be a copy of the proof of service of the original complaint is attached as Exhibit K to the Complaint.  Jerent denies that its products infringe any valid and enforceable claim of the '440 patent and therefore denies the allegations contained in Paragraph 60.

61.    Jerent admits that it sells and markets its Sonic Boom line of products in the United States, but it denies that customers' and end-users' use of its Sonic Boom products infringe any valid and enforceable claim of the '440 patent and therefore denies the remaining allegations contained in Paragraph 61.

62.    Jerent admits that it provides instructions for its Sonic Boom line of products, and that those instructions are also listed on the website www.sonicboomtargets.com and on its YouTube channel.  Jerent denies the remaining allegations contained in Paragraph 62.

63.    Jerent denies the allegations contained in Paragraph 63.

64.    Jerent denies the allegations contained in Paragraph 64.

65.    Jerent denies the allegations contained in Paragraph 65.

66.    Jerent denies the allegations contained in Paragraph 66.

67.    Jerent denies the allegations contained in Paragraph 67.

68.    Jerent denies the allegations contained in Paragraph 68.

69.    Jerent denies the allegations contained in Paragraph 69.

70.    Jerent denies the allegations contained in Paragraph 70.

**Jury Demand**

71.    Jerent admits that the Complaint purports to demand a trial by jury on all issues.

**Prayer for Relief**

72.     Answering the prayer for relief, Jerent denies that it infringes or has infringed, directly or indirectly, any valid and enforceable claim of the patents-in-suit ("Patents-In-Suit"). Jerent further denies that Plaintiffs are entitled to the relief requested against Jerent, including a preliminary injunction, a permanent injunction, actual damages, costs, expenses, interest, attorneys' fees, or any other relief of any kind.

73.     To the extent not specifically admitted herein, the allegations of the Complaint are denied.

For further answer, Jerent alleges and asserts the following affirmative defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, Jerent specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery:

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

(Non-Infringement)

74.     Plaintiffs' claims are barred because Jerent has not infringed any valid claim of the Patents-In-Suit.

**SECOND AFFIRMATIVE DEFENSE**

(Invalidity)

75.     Plaintiffs' claims are barred because some or all of the claims of the Patents-In-Suit are invalid for failure to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including, without limitation, each of the requirements of 35 U.S.C. §§ 101, 102, 103, and 112.

PAGE 10 – **DEFENDANT JERENT ENTERPRISES' FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

76.     Jerent's claims are barred by the doctrine of estoppel, including, but not limited to, the doctrine of prosecution history estoppel arising from Plaintiffs' actions, representations, omissions, or other conduct before the United States Patent and Trademark Office during the prosecution of the Patents-In-Suit.

## FOURTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

77.     Plaintiffs' request for injunctive relief is barred because Plaintiffs have an adequate remedy at law for any damages resulting from the actions alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Statutory Damages Limitations)

78.     Plaintiffs' claim for damages is statutorily limited by 35 U.S.C. §§ 286 and/or 287.

## SIXTH AFFIRMATIVE DEFENSE

### (Intervening Rights)

79.     Plaintiffs' claims are barred by intervening rights under 35 U.S.C. §§ 252 and 307.

Pursuant to Federal Rule of Civil Procedure 13, Jerent asserts the following counterclaims against Plaintiffs:

## COUNTERCLAIMS

80.     Jerent seeks a declaration by this Court that the patents Plaintiffs allege to have been directly and indirectly infringed by Jerent—namely, the '386 patent and the '440 patent—have not been infringed by Jerent.

PAGE 11 – **DEFENDANT JERENT ENTERPRISES' FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

81.    Jerent further seeks a declaration that the '386 patent and the '440 patent are invalid for failure to satisfy one or more of the requirements of Title 35, including, without limitations, one or more of the requirements set forth in Sections 102, 103 and/or 112.

82.    Jerent further seeks a declaration that the '386 patent and the '440 patent and invalid and/or unenforceable due to Plaintiffs' inequitable conduct in failing to material prior art to the United States Patent and Trademark Office, including Plaintiffs' own sale of binary exploding rifle targets, the use of which practice the claims of the '386 and '440 patents, more than one year before the effective filing date of the patents.

## PARTIES

83.    Jerent is a Nebraska limited liability corporation with its principal place of business in Omaha, Nebraska.

84.    Jerent is a Nebraska limited liability corporation with its principal place of business in Omaha, Nebraska.

85.    Upon information and belief, Tannerite is an Oregon limited liability company with its principal place of business in Pleasant Hill, Oregon.

86.    Upon information and belief, Daniel Tanner is a resident of Oregon.

## JURISDICTION AND VENUE

87.    Jerent's counterclaims seek declaratory judgment under 28 U.S.C. § 2201, *et seq.* They arise under the patent laws of the United States.  This Court has subject jurisdiction over Jerent's counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

88.    Plaintiffs—whose principle place of business/residence are in Oregon—have availed themselves of the jurisdiction of this Court by bringing this patent infringement suit

against Jerent.  Thus, this Court has personal jurisdiction over Plaintiffs and venue is proper in this district.

## FACTS

89.    Plaintiffs are trying to assert patents that were obtained unlawfully.

90.    A person is not entitled to a patent if "the invention was . . . on sale in this country, more than one year prior to the date of the application for patent in the United States." 35 U.S.C. § 102(b) (pre-AIA).

91.    Both Patents-In-Suit are reissues of the '366 patent and both rely of the '366 patent's claimed effective filing date of August 20, 2001.

92.    More than one year prior to August 20, 2001, however, Mr. Tanner, the named inventor of both Patents-In-Suit, was offering for sale in the United States, either directly or through his company, products that practice, or whose use practices, the claims of the '386 patent and the '440 patent, namely Tannerite-brand binary exploding rifle targets.

93.    In a June 2000 issue of Shotgun News—more than a year prior to the effective filing date of the Patents-In-Suit—Mr. Tanner advertised for sale his "Tannerite Exploding Rifle Targets," which explode "when shot by a centerfire rifle."  Thus, by at least June 2000, Mr. Tanner was not only offering his Tannerite-brand targets for sale in the United States, but was advertising them in a nationwide publication.

94.    Plaintiffs' sale of binary exploding targets, however, predates even June 2000.

95.    In United States Trademark Application Serial No. 85/041,916, which Mr. Tanner filed with the United States Patent and Trademark Office, Mr. Tanner represented that he first used the Tannerite trademark in commerce on or in connection with the goods identified in his trademark application "[a]t least as early as 05/08/1996."  In that filing he represented, in

PAGE 13 – **DEFENDANT JERENT ENTERPRISES' FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

identifying the goods, that "Tannerite is the trademark for the Binary Exploding Rifle Target. The inventor of the binary exploding target is Daniel J. Tanner."  He also represented that "TANNERITE is a trademark for a binary exploding target invention, where an oxidizer base target is shipped/sold in separate containers.  Once the end-user adds the catalyst to the oxidizer, it becomes a reactive target, used as a shot indicator."

96.    In their Complaint, Plaintiffs explicitly acknowledge that Tannerite®-brand binary exploding rifle targets "practice the claims of the '386 and '440 patents."

97.    Mr. Tanner and his counsel who prepared and prosecuted his patent applications had a "duty of candor and good faith" in dealing with the United States Patent and Trademark Office, which include[d] "a duty to disclose to the Office all information known to that individual to be material to patentability."  37 C.F.R. § 1.56.  "[N]o patent will be granted on an application in connection with which fraud on the Office was practiced or attempted or the duty of disclosure was violated through bad faith or intentional misconduct."  *Id.*  Mr. Tanner possessed material information regarding his application for the Patents-In-Suit, as well as his original application for the '366 patent; to wit, the fact that Mr. Tanner offered for sale products that practice the claims of the patents more than a year prior to the effective filing date of the applications.  Despite dozens of opportunities over the course of nearly fifteen years, neither Mr. Tanner, nor his counsel, ever provided this information to the United States Patent and Trademark Office.

98.    Mr. Tanner and his counsel failed to provide this information even when pressed on these issues by the Examiner.  For instance, on or around September 9, 2011, counsel for Mr. Tanner was interviewed by Examiner Felton and Supervisory Patent Examiner Lorengo.  As recounted by Mr. Tanner's counsel in a subsequent reply to an Office Action that his counsel

filed with the United States Patent and Trademark Office:  "During the Interview, the Examiner asked if Applicant is aware of any competitors selling exploding targets prior to the effective filing date of the original application (i.e., prior to October 17, 2002) that would be material to the patentability of the claims.  Also, the Examiner asked if Applicant is aware of any references that were available prior to October 17, 2002 which teach explodable targets that would be material to the patentability of the claims."

99.    In response, counsel represented that "[a]fter making an inquiry of those with a duty under 37 CFR 1.56, it was found that no person having said duty is aware of either: i) any competitors selling exploding targets prior to the effective filing date of the original application (i.e., prior to October 17, 2002) having the features of the present claims; or ii) any references that were available prior to October 17, 2002 which teach explodable targets having the features of the present claims."

100.    Notably, in that same reply, counsel sought to overcome a rejection of the claims as anticipated by or obvious over prior art by limiting the claims to "a process which includes a step of firing the round into the target to explode the target" and arguing that the prior art does not contemplate exploding the system "with a center fire rifle round."  Mr. Tanner, however, was aware that the targets he had been selling prior to the effective filing date of the applications explode "when shot by a centerfire rifle," as touted in his June 2000 advertisement for Tannerite-brand targets, and yet he failed to disclose this material fact to the United States Patent and Trademark Office even while relying on this very element to distinguish his claims from prior art.

101.    After Mr. Tanner received a final rejection, he appealed the Examiner's decision. Among other things, the appeal was based on Mr. Tanner's assertion that the invention was

PAGE 15 – **DEFENDANT JERENT ENTERPRISES' FIRST AMENDED ANSWER,**
         **AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS'**
         **FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

patentable over the prior art because prior art—which taught binary explosives—did not teach their use as a target and include the step of firing a center fire rifle round into the target to cause it to explode.  Again, Mr. Tanner—while making these arguments—failed to disclose his own prior sale of binary targets explodable by center fire rifle round.

102.    Mr. Tanner, through his counsel, repeated these same arguments during prosecution of the '440 patent, while continuing to hide his own pre-June 2000 sale of binary targets exploded by center fire rifle round.

103.    Had Mr. Tanner complied with his duty of candor and revealed his own sale of products—the use of which practices the Patents-In-Suit—more than one year prior to the effective filing date of the Patents-In-Suit, neither of the Patents-In-Suit would have issued.

104.    Because of Mr. Tanner's inequitable conduct, the '386 patent and the '440 patent are invalid and unenforceable.

## FIRST COUNTERCLAIM

### (Declaration of Non-Infringement, 28 U.S.C. §§ 2201-2202)

105.    Jerent incorporates by reference paragraphs 80-104 of its Counterclaims, as if fully set forth herein.

106.    In this action, Plaintiffs allege that Jerent has directly and indirectly infringed, and is continuing to directly and indirectly infringe, the Patents-In-Suit.  Jerent denies that it has directly or indirectly infringed the Patents-In-Suit and denies that it is continuing to directly or indirectly infringe the Patents-In-Suit.

107.    There accordingly is an actual, immediate, and justiciable controversy between the parties.

PAGE 16 – **DEFENDANT JERENT ENTERPRISES' FIRST AMENDED ANSWER,
        AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS'
        FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

108.    Jerent is entitled to a declaration by this Court that Jerent has not directly or indirectly infringed, and is not continuing to directly or indirectly infringe, the '386 patent and the '440 patent.

109.    Jerent is also entitled to further necessary and proper relief based on the Court's declaratory judgment or decree.

## SECOND COUNTERCLAIM

(Declaration of Invalidity, 28 U.S.C. §§ 2201-2202)

110.    Jerent incorporates by reference paragraphs 80-109 of its Counterclaims, as if fully set forth herein.

111.    In this action, Plaintiffs allege that Jerent has directly and indirectly infringed, and is continuing to directly and indirectly infringe, the Patents-In-Suit.  Accordingly, there is an actual, immediate, and justiciable controversy between the parties.

112.    The claims of the Patents-In-Suit are invalid for failure to satisfy one or more of the requirements of Title 35, including without limitations, Sections 102, 103 and/or 112.

113.    As one example, Mr. Tanner, either directly or through his company, offered for sale more than one year prior to the effective filing date of the Patents-In-Suit Tannerite-branded targets that practice, or whose use practices, the claims of the '386 patent and the '449 patent. Mr. Tanner's sale of this product violates the on-sale bar and renders the Patents-In-Suit invalid under Section 102.

114.    Jerent is entitled to a declaration by this Court rendering some or all of the claims of the '386 patent and the '440 patent invalid.

115.    Jerent is also entitled to further necessary and proper relief based on the Court's declaratory judgment or decree.

PAGE 17 – **DEFENDANT JERENT ENTERPRISES' FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

## THIRD COUNTERCLAIM

### (Inequitable Conduct, 28 U.S.C. §§ 2201-2202)

116.    Jerent incorporates by reference paragraphs 80-115 of its Counterclaims, as if fully set forth herein.

117.    In this action, Plaintiffs allege that Jerent has directly and indirectly infringed, and is continuing to directly and indirectly infringe, the Patents-In-Suit.  Accordingly, there is an actual, immediate, and justiciable controversy between the parties.

118.    As set forth in detail above, Daniel Tanner, individually and through his counsel, failed to disclose to the United States Patent and Trademark Office that he, either directly or through his company, was selling products that practice, or whose use by consumers as intended practices, the claims of the '386 patent and the '440 patent, namely Tannerite-brand binary exploding rifle targets, more than one-year prior to the effective filing date of the Patents-In-Suit.

119.    Mr. Tanner knowingly failed to disclose this information, in violation of his duty of candor and good faith in dealing with the United States Patent and Trademark Office, recognizing that his prior sale of Tannnerite-branded targets violates the on-sale bar limitation on patentability contained in Section 102 and would have rendered the claims of the Patents-In-Suit unpatentable.

120.    Plaintiffs' Complaint, itself, acknowledges that Tannerite®-branded exploding rifle targets, or their use as intended, "practice the claims of the '386 and '440 patents."

121.    Additionally, in a trademark application filed by Mr. Tanner, Mr. Tanner explains that, "TANNERITE is a trademark for a binary exploding target invention, where an oxidizer base target is shipped/sold in separate containers.  Once the end-user adds the catalyst to the

oxidizer, it becomes a reactive target, used a shot-indicator." He also represented that he first used the mark in commerce, on or in connection with his binary exploding rifle targets, in 1996.

122.    An advertisement he placed in Shotgun News in June 2000 further advertised that "Tannerite Exploding Rifle Targets" explode "when shot by a centerfire rifle."

123.    At a minimum, had Mr. Tanner disclosed his prior sale of Tannerite-branded products to the United States Patent and Trademark Office, it would have rendered each independent claim of the Patents-In-Suit invalid, if not all claims of the Patents-In-Suit.

124.    Notably, Mr. Tanner's deception continued even when the Examiner inquired into these matters. Despite the fact that Mr. Tanner was selling targets that explode when shot be a centerfire rifle prior to June 2000, he failed to provide this information to the United States Patent and Trademark Office in response to an inquiry from the Examiner regarding competitors selling exploding targets prior to October 17, 2002 or references that were available prior to October 17, 2002 teaching explodable targets that would be material to the patentability of the claims. In fact, Mr. Tanner's counsel affirmatively represented to the United Patent and Trademark Office that after he made "an inquiry of those with a duty under 37 CFR 1.56," which would have included Mr. Tanner, he was unaware of any competitor selling exploding targets prior to October 17, 2002 or any references available prior to October 17, 2002 teaching explodable targets having the features of the present claims.

125.    The materiality of Mr. Tanner's deception in failing to disclose his prior sale of Tannerite-branded targets is demonstrated by the prosecution history of the Patents-In-Suit. In order to overcome prior art cited by the Examiner, Mr. Tanner, through his counsel, limited the claims of the Patents-In-Suit to include "a process which includes a step of firing the round into the target to explode the target" and argued that the prior art does not contemplate exploding the

system "with a center fire rifle round." Notably, each independent claim of both Patents-In-Suit requires firing a rifle round or center rifle round to cause the explosion.

126. Mr. Tanner was aware that the targets he had been selling prior to the effective filing date of the applications explode "when shot by a centerfire rifle" and knowingly hid this fact from the United States Patent and Trademark Office with the intent to deceive them, recognizing that his whole argument as to patentability rested on the novelty of this limitation. Had Mr. Tanner disclosed his prior sale of targets that explode when shot with a center fire rifle round, he could not have overcome the cited prior art.

127. The United States Patent and Trademark Office justifiably relied upon the misrepresentations of Mr. Tanner and his counsel in issuing the '386 patent and '440 patent.

128. Jerent is entitled to a declaration by this Court that the aforementioned inequitable conduct renders the claims of the '386 patent and '440 patent are invalid and unenforceable.

129. Plaintiffs now seek to enforce the patents in suit against Jerent, despite knowing that they were obtained through the aforementioned material and intentional misrepresentations and omissions.

130. Plaintiffs' inequitable conduct, including their failure to disclose Mr. Tanner's prior sale and Tannerite-branded products to the United States Patent and Trademark Office, renders this case exceptional pursuant to 35 U.S.C. § 285.

131. As a direct and proximate result of Mr. Tanner's unlawful conduct, Jerent has been injured in its business and property, including but not limited to, the unnecessary expenditure of attorney's fees and costs, in an amount to be proven at trial.

**JURY DEMAND**

132. Jerent hereby demands trial by jury on all issues triable by jury.

PAGE 20 – **DEFENDANT JERENT ENTERPRISES' FIRST AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS'
FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

## PRAYER

WHEREFORE, having answered Plaintiffs' Complaint, and having set forth Jerent's affirmative defenses, counterclaims, and demand for a jury trial, Jerent respectfully requests that judgment be entered as follows in favor of Jerent and against Plaintiffs, declaring that:

A.    Jerent does not infringe the '386 patent;

B.    Jerent does not infringe the '440 patent;

C.    the '386 patent is invalid;

D.    the '440 patent is invalid;

E.    the '386 patent is unenforceable against Jerent;

F.    the '440 patent is unenforceable against Jerent;

G.    Plaintiffs take nothing by their Complaint;

H.    this case is exceptional under 35 U.S.C. § 285 and Jerent should be awarded its costs and attorneys' fees incurred in this action under 35 U.S.C. § 285 or otherwise; and

I.    awarding such further relief as the Court may deem just and proper.


DATED:  July 17, 2015


GOBER HILGERS PLLC


By:  /s/ Michael T. Hilgers
        Michael T. Hilgers, *Admitted Pro Hac Vice*
        Email: mhilgers@goberhilgers.com
        14301 FNB Parkway, Suite 100
        Omaha, NE 68154
        Telephone:    (402) 218-2106
        Facsimile:    (877) 477-5755


PAGE 21 – **DEFENDANT JERENT ENTERPRISES' FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Joshua M. Wolf, OSB No. 141892
Email: Josh@WolfLegalPDX.com
WOLF LEGAL, LLC
17390 SW Rose Petal Lane #206
Beaverton, Oregon 97003
Telephone:    503.893.9788