IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TANNERITE SPORTS, LLC and　　　　　　　　　　　Case No. 6:15-cv-180-AA
DANIEL TANNER,　　　　　　　　　　　　　　　　　　　OPINION AND ORDER

　　　　Plaintiffs,

　　vs.

JERENT ENTERPRISES, LLC, dba
SONIC BOOM EXPLODING TARGETS,

　　　　Defendant.

---

Andrea D. Coit
Harrang Long Gary Rudnick, PC
360 East 10th Avenue, Suite 300
Eugene, OR 97401

Kevin M. Drucker (pro hac vice)
David L. Cargille (pro hac vice)
Mendelsohn, Drucker, & Dunleavy, PC
1500 John F. Kennedy Blvd., Suite 312
Philadelphia, PA 19102
　　　Attorneys for plaintiffs

Joshua M. Wolf
Wolf Legal, LLC
17390 SW Rose Petal Lane #206
Beaverton, OR 97003

Page 1 - OPINION AND ORDER

Michael T. Hilgers (pro hac vice)
Gober Hilgers, PLLC
14301 FNB Parkway, Suite 100
Omaha, NE 68154
    Attorneys for defendant

AIKEN, Chief Judge:

Plaintiffs Tannerite Sports, LLC and Daniel Tanner move to dismiss defendant Jerent Enterprises, LLC, dba Sonic Boom Exploding Targets' counterclaims under Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, plaintiffs' motion to dismiss defendant's counterclaims is GRANTED in part and DENIED in part.

## BACKGROUND

On February 2, 2015, plaintiffs filed a complaint alleging patent infringement of its Tannerite® brand binary targets under the Patent Act, 35 U.S.C. § 271. Plaintiff Daniel Tanner is the patent holder of binary exploding rifle targets used for long-range shooting practice. These targets are safe and legal to ship and store because they are packaged to keep the oxidizer separate from the catalyst, thus preventing the target from exploding until mixed. See Pls.' Mot. to Dismiss at 8.

On March 31, 2015, plaintiffs filed an amended complaint. Plaintiffs realleged that defendant continues to willfully and deliberately commit direct infringement, inducement of direct infringement by its customers and end users, and contributory infringement of at least claim 25 of U.S. Patent No. RE44,386 ("the '386 patent") through its manufacture, use, sale, and offering for sale of nearly identical binary exploding rifle targets marketed under the "Sonic Boom" brand name. Plaintiff also added a second

Page 2 - OPINION AND ORDER

claim that defendant infringed U.S. Patent No. RE44,440 ("the '440 patent") in the same manner as summarized above.

On April 14, 2015, defendant answered plaintiffs' amended complaint with affirmative defenses and counterclaims, and then filed an amended answer. Defendant alleges the following counterclaims: (1) defendant has not directly or indirectly infringed, and is not continuing to directly or indirectly infringe, the '386 or '440 patent; (2) some or all of the claims of the '386 and '440 patents are invalid; and (3) plaintiffs have engaged in inequitable conduct rendering the claims of the '386 and '440 patents invalid and unenforceable.

Plaintiffs move to dismiss defendant's counterclaims.

## STANDARD OF REVIEW

"Where a counterclaim 'fail[s] to state a claim upon which relief can be granted,' it must be dismissed." Unum Life Ins. Co. of Am. v. Martin, 2013 WL 3995005, *2 (D. Or. Aug. 1, 2013) (quoting Fed. R. Civ. P. 12(b)(6)). To survive a motion to dismiss, a counterclaim must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 129 (2009). The complaint is liberally construed in favor of the counterclaimant and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983). Bare assertions, however, that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." Ashcroft v. Iqbal, 556 U.S. at 681. Rather, to state a plausible claim for

relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011), cert. denied, 132 S. Ct. 2101 (2012).

**DISCUSSION**

Plaintiffs contend defendant's counterclaims fail to state a claim for relief because they are unsupported by sufficient facts, vague, and are conclusory recitations of the elements of a claim. Defendant maintains its counterclaims are pled with sufficient factual support and afford plaintiff fair notice of its claims.

I. Non-Infringement Claim

First, defendant brings a non-infringement counterclaim seeking a declaration that it has not infringed the '386 or '440 patent ("patents-in-suit"). Defendant "denies that it has directly or indirectly infringed the Patents-In-Suit and denies that it is continuing to directly or indirectly infringe the Patents-In-Suit." Def.'s Am. Answer ¶ 106. Defendant otherwise makes no factual allegations to support its non-infringement counterclaim. Defendant does however "incorporate by reference" paragraphs 80 through 104 of the "FACTS" section preceding its counterclaims, but fails to direct the Court to any particular facts within the twenty-four paragraphs in support of the non-infringement counterclaim.

Plaintiffs argue the vague and conclusory language of defendant's non-infringement counterclaim fails to state which of defendant's products do not infringe the patents-in-suit, or provide any reasons to support the alleged non-infringement.

Page 4 - OPINION AND ORDER

A motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question; thus, regional circuit law is applied. McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1355-56 (Fed. Cir. 2007)(citing C & F Packing Co., Inc. v. IBP, Inc., 224 F.3d 1296, 1306 (Fed. Cir. 2000)). Typically, the pleading sufficiency of a counterclaim is adjudged in light of the Supreme Court's pleading standard set forth in Iqbal and Twombly. However, a "direct" infringement claim in a patent case is an exception, as district courts are split on whether to apply the minimal pleading requirements of Fed. R. Civ. P. Form 18[1] or the significantly more demanding requirements of Iqbal and Twombly. Furthermore, the Ninth Circuit has not addressed which pleading standard to apply to direct infringement claims. Aubin Indus., Inc. v. Caster Concepts, Inc., No. 2:14-CV-02082-MCE-CKD, 2015 WL 3914000, at *3 (E.D. Cal. June 25, 2015)(quoting Microsoft Corp. v. Phx. Solutions, 741 F. Supp. 2d 1156, 1158 (C.D. Cal. 2010)).

This Court is persuaded by a recent patent opinion from the Chief Judge of the Eastern District of California where a similarly situated plaintiff moved to dismiss counterclaims of non-

---

[1] Form 18, found in the Appendix of Forms accompanying the Federal Rules of Civil Procedure, is an approved model complaint for asserting a claim of direct patent infringement, which requires identifying a general "category" of infringing products and an allegation of infringement in general terms, but does not require the plaintiff to identify any specific patent claim ("claim" refers to a patent claim, not a legal claim). See Fed. R. Civ. P. Form 18; Infineon Tech. AG v. Volterra Semiconductor Corp., No. C-11-6239-MMC, 2012 WL 3939353, at *2 (N.D. Cal. Sept. 10, 2012).

infringement and invalidity. See Aubin Indus., Inc., 2015 WL 3914000 at *3-5. The district court there determined that "Form 18, which is appended to the Federal Rules of Civil Procedure, provides an example for alleging direct patent infringement that requires little more than a conclusory statement that the defendant infringed the plaintiff's patent." Id. at *4 (quoting Microsoft Corp., 741 F. Supp. 2d at 1158)(internal quotations omitted).[2] Similarly, the Northern District of California determined that "[t]he direct non-infringement portion of [defendant's] counterclaim must be evaluated under Form 18, whereas the indirect non-infringement portion is subjected to the heightened pleading standard of Iqbal and Twombly." PageMelding, Inc. v. ESPN, Inc., No. C 11-06263 WHA, 2012 WL 3877686, at *2 (N.D. Cal. Sept. 6, 2012).

Therefore, after applying the Form 18 requirements to defendant's direct non-infringement counterclaim, this Court finds the counterclaim sufficiently plead. Defendant asserted the detail required by Form 18, including the patents at issue, i.e., the '386 and '440 patents, and the allegedly infringing product, i.e., the Sonic Boom Exploding Targets.[3] Def.'s Am. Answer ¶¶ 29, 96, 108.

---

[2] Nonetheless, plaintiffs often challenge, and courts continue to debate, whether Form 18 pleading standards apply to a plaintiff's direct infringement claim only, and do not apply to a counterclaim alleging direct non-infringement. This debate is unsettled; this Court applies Form 18 pleading standards to defendant's direct non-infringement counterclaim. Aubin Indus., Inc., 2015 WL 3914000 at *3-4.

[3] However, the Court notes that defendant's pleading barely satisfied Form 18 standards given that the Court infers the allegedly infringing product from defendant's admission in ¶ 29-30 of its Amended Answer. The Court encourages defendant, should it seek to amend, to plead clear and particularized facts within

Next, regarding defendant's indirect non-infringement claim, the heightened pleading standard of Twombly and Iqbal is applied. R+L Carriers, Inc. v. Driver Tech LLC, 681 F.3d 1323, 1336 (Fed. Cir. 2012)("Form 18 should be strictly construed as measuring only the sufficiency of allegations of direct infringement, and not indirect infringement."); PageMelding, Inc., 2012 WL 3877686 at *3.

Defendant here has failed to allege sufficient facts, when taken as true, that lead to a reasonable inference that defendant did not intend another party to infringe the patents-in-suit. Aside from pleading that it did not indirectly infringe the patents-in-suit, notably in the same sentence it denied direct infringement, defendant states no facts to support its claim that it sold or offered to sell a product that had no substantial non-infringing use. Although the facts incorporated by reference provide some support for the indirect non-infringement claim, defendant leaves the Court to guess which facts support a claim for relief. The Court finds defendant's indirect non-infringement counterclaim fails at the pleading level. Thus, plaintiffs' motion to dismiss defendant's direct non-infringement counterclaim is denied, but the motion to dismiss the indirect non-infringement counterclaim is granted.

II. Invalidity Claim

Second, defendant brings an invalidity counterclaim seeking a declaration that the '386 and '440 patents are invalid. Plaintiff maintains that defendant's invalidity claim is vague and should be dismissed for failure to allege anything more than a conclusory

---

the individual counterclaim sections.

recitation of the statute. Plaintiffs' motion to dismiss defendant's invalidity counterclaim is granted.

Counterclaims seeking declaratory relief for invalidity are adjudged under the Iqbal and Twombly standard. PageMelding, Inc., 2012 WL 3877686 at *3. The elements of an invalidity claim depend on the section of the Patent Act violated. Defendant alleges: "The claims of the Patents-In-Suit are invalid for failure to satisfy one or more of the requirements of Title 35, including without limitations, Sections 102, 103 and/or 112." Def.'s Am. Answer ¶ 112. Defendant argues: "Mr. Tanner, either directly or through his company, offered for sale more than one year prior to the effective filing date of the Patents-In-Suit Tannerite-branded targets that practice, or whose use practices, the claims of the '386 patent and the '449 [sic] patent. Mr. Tanner's sale of this product violates the on-sale bar and renders the Patents-In-Suit invalid under Section 102." Def.'s Am. Answer ¶ 113.

Defendant fails to connect the facts plead in support of its Section 102 claim with the binary targets that are the patents-in-suit. First, defendant asserts that plaintiffs' June 2000 advertisement in Shotgun News demonstrates that plaintiff was offering for sale the binary-form of Tannerite-brand targets more than one year prior to the effective filing date of the patents-in-suit, because the advertisement announced that "Tannerite Exploding Rifle Targets" explode when shot by a centerfire rifle. Id. ¶ 93. Defendant, however, fails to assert additional facts, that if taken as true, would lead to the conclusion that plaintiffs were

advertising the "binary" exploding targets that are the patents-in-suit, rather than a predecessor product, the "pre-mixed" exploding target.

Second, defendant asserts that plaintiffs' U.S. Trademark Application Serial No. 85041916 demonstrates that plaintiff was offering for sale the Tannerite-brand binary targets more than one year prior to the effective filing date of the patents-in-suit. Specifically, defendant alleges that the trademark application represents that the Tannerite trademark was used as early as May 8, 1996 and Tannerite is the trademark for the Binary Exploding Rifle Target. Id. ¶ 95. However, defendant again failed to plead facts linking the 1996 use of "Tannerite" with the binary targets at issue. Defendant also omitted the date the trademark application was filed. Thus, defendant failed to assert that the trademark application was filed more than one year prior to the effective filing date of the patents-in-suit, August 20, 2001. As a result, the facts currently plead do not support more than a mere possibility that the "binary" targets were offered for sale prior to August 1, 2000. Where a counterclaim pleads facts that are merely consistent with a plaintiff's liability, "it stops short of the line between possibility and plausibility of entitlement to relief." See Ashcroft v. Iqbal, 556 U.S. at 678 (internal quotations omitted). Therefore, plaintiffs' motion to dismiss defendant's invalidity counterclaim under Section 102 is granted.

Furthermore, defendant alleges no facts to support invalidity under Sections 103 or 112, asserting conclusory pleadings at best.

PageMelding, Inc., 2012 WL 3877686 at *3; Infineon Tech. AG, 2013 WL 1832558 at *2. The Ninth Circuit clarified that a counterclaim is entitled to a presumption of truth when it "contain[s] sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"; and "the factual allegations that are taken as true [] plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr, 652 F.3d at 1216. Defendant has met neither of these requirements; thus, plaintiffs' motion to dismiss defendant's invalidity claims under Section 103 and Section 112 of the Patent Act is granted.

III. Inequitable Conduct Claim

Finally, defendant brings an inequitable conduct counterclaim, seeking a declaration that the '386 and '440 patents are unenforceable due to inequitable conduct that occurred during patent prosecution. Defendant alleges plaintiff Daniel Tanner, individually and through his counsel, failed to disclose to the U.S. Patent and Trademark Office ("PTO") that he was selling products, namely the Tannerite®-brand binary exploding rifle targets that practice the claims of the '386 and '440 patents, or at least practice the '386 and '440 claims if used by consumers as intended, more than one year prior to the effective filing date of the patents. As a result, defendant maintains plaintiffs violated the on-sale bar limitation on patentability under Section 102 of the Patent Act. Def.'s Am. Answer ¶¶ 118-19. Furthermore, defendant alleges that plaintiff

Daniel Tanner and his legal counsel knew that the patents-in-suit would be invalid based on this information and willfully chose to deceive the PTO and the Examiner. Id. at ¶¶ 123-27.

Plaintiffs argue defendant has not alleged facts to support its allegation that plaintiffs made false statements to the PTO that were material to the prosecution of the patents-in-suit, nor alleged facts permitting a plausible inference that information was withheld by plaintiffs with the specific intent to defraud the PTO.

Inequitable conduct is an equitable defense to patent infringement involving egregious misconduct that if proved, bars enforcement of a patent. Therasense, Inc. v. Becton, Dickinson & Co., 649 F.3d 1276, 1285 (Fed. Cir. 2011) (discussing the trio of unclean hands cases of Keystone, Hazel-Atlas, and Precision from which the doctrine evolved). Unlike other patent infringement defenses, such as invalidity which is claim specific, inequitable conduct regarding any single claim renders the entire patent unenforceable. Id. at 1288. Courts recognized the problems created by the expansion and overuse of the inequitable conduct doctrine and narrowed the scope in which the defense is applicable to incidences of truly egregious conduct. Id. at 1285.

To prevail on an inequitable conduct claim, a defendant must prove: "(1) an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with a specific intent to deceive the PTO." Cypress Semiconductor Corp. v.

GSI Tech., Inc., No. 13-CV-02013-JST, 2014 WL 988915, at *2 (N.D. Cal. Mar. 10, 2014)(quoting Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1327 n.3 (Fed. Cir. 2009)); Therasense, Inc., 649 F.3d at 1287.

The circumstances of inequitable conduct must be plead in accordance with the heightened pleading standard of Fed. R. Civ. P. 9(b). Thus, the pleading must "identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." Exergen Corp., 575 F.3d at 1328. In addition, the pleading must include "sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO." Id. at 1328-29.

Defendant alleges: "Daniel Tanner, individually and through his counsel, failed to disclose to the [PTO] that he, either directly or through his company, was selling products that practice, or whose use by consumers as intended practices, the claims of the '386 patent and the '440 patent, namely Tannerite-brand binary exploding rifle targets, more than one-year prior to the effective filing date of the Patents-In-Suit." Def.'s Am. Answer ¶ 118. Defendant further asserts that plaintiff Daniel Tanner knowingly failed to disclose to the PTO and Examiner that more than one-year prior to filing, he sold Tannerite-brand targets, which he knew violated the on-sale bar limitation under Section 102. Id. ¶ 119, 121-22. Specifically,

defendant alleges that plaintiff Daniel Tanner had the requisite knowledge because he represented in his trademark application that the Tannerite mark had been in use on or in connection with his binary exploding rifle targets since in 1996. Id. ¶ 121. Further, a June 2000 advertisement in Shotgun News conveyed that Tannerite Exploding Rifle Targets explode when shot with a center-fire rifle. Id. ¶ 122. Finally, defendant maintains that when asked by the Examiner whether competitors were selling exploding targets prior to October 17, 2002, plaintiff Daniel Tanner's attorney represented that he was unaware of any competitor or references selling exploding targets having the features of the present claims, and further deceived the PTO during the prosecution process by representing that plaintiff Daniel Tanner's prior art did not contemplate exploding the target with a center-fire round, in order to overcome the cited prior art. Id. ¶ 124-25.

Plaintiffs maintain that defendant's claim fails to meet the heightened Rule 9(b) pleading standard because it does not allege facts sufficient to permit a reasonable inference that a particular individual both knew of the information being withheld and did so with the requisite scienter. Plaintiffs further contend that defendant failed to plead facts alleging the who, what, when, where, and how requirements of an inequitable conduct claim.

The Court finds the facts defendant alleges to support its counterclaim are insufficient to state a claim that is plausible on its face; rather, the facts plead support a reasonable inference that plaintiffs and counsel did not fail to make required

Page 13 - OPINION AND ORDER

disclosures, and importantly, did not omit information with the specific intent to deceive the PTO.

First, defendant's primary argument hinges on the allegation that plaintiffs sold the binary, user-mixed targets one year or more prior to the effective filing date, August 20, 2001. However, even viewing the facts in the light most favorable to defendant, the Court is persuaded by the reasonable explanation that the June 2000 advertisement in Shotgun News referred to premixed targets, rather than the binary, user-mixed targets at issue in this case. In other words, the targets advertised did not have the same claim terms and limitations as the patents-in-suit, rendering defendant's allegation that plaintiffs sold user-mixed targets more than one year prior to the effective filing date insufficient to state a claim for relief.

Second, defendant does not allege sufficient facts to support its claims that plaintiffs' use of the brand-name Tannerite in 1996 actually referred to the binary, user-mixed targets; rather, the most reasonable inference drawn from the facts plead is that plaintiff developed the binary product later. Furthermore, defendant has not identified any specific sale or public use to support the allegation that the products were sold more than one year prior to the effective filing date.

Finally, defendant has failed to plead sufficient facts to support the conclusion that the sole reason the patent Examiner allowed the patented claims was because he did not know about the potential prior art of the "center-fire rifle bullet" limitation.

The Court finds defendant failed to plead facts sufficient to

meet the elements of an inequitable conduct claim. Moreover, an inference that plaintiffs specifically intended to deceive the PTO is not the single most reasonable inference to explain the non-disclosure that defendant alleges occurred during the patent prosecution. Therasense, Inc., 649 F.3d at 1290-91 (". . . when there are multiple reasonable inferences that may be drawn, intent to deceive cannot be found."). Therefore, plaintiffs' motion to dismiss defendant's inequitable conduct claim is granted.

## CONCLUSION

For the reasons set forth above, plaintiffs' motion to dismiss defendant's counterclaims (doc. 32) is GRANTED in part and DENIED in part. Leave to amend defendant's counterclaims should be filed within 20 days of the date of this Opinion and Order and include the amendments defendant proposes.

IT IS SO ORDERED.

Dated this 6th day of October 2015.

_____
Ann Aiken
United States District Judge