IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TANNERITE SPORTS, LLC and
DANIEL TANNER,

        Plaintiffs,

    vs.

JERENT ENTERPRISES, LLC, dba
SONIC BOOM EXPLODING TARGETS,

        Defendant.

Case No. 6:15-cv-180-AA
OPINION AND ORDER

---

Andrea D. Coit
Harrang Long Gary Rudnick, PC
360 East 10th Avenue, Suite 300
Eugene, OR 97401

Kevin M. Drucker (pro hac vice)
David L. Cargille (pro hac vice)
Mendelsohn, Drucker, & Dunleavy, PC
1500 John F. Kennedy Blvd., Suite 312
Philadelphia, PA 19102
    Attorneys for Plaintiffs

Page 1 - OPINION AND ORDER

Joshua M. Wolf
Wolf Legal, LLC
17390 SW Rose Petal Lane #206
Beaverton, OR 97003

Michael T. Hilgers (pro hac vice)
Gober Hilgers, PLLC
14301 FNB Parkway, Suite 100
Omaha, NE 68154
    Attorneys for Defendant

AIKEN, Chief Judge:

Defendant Jerent Enterprises, LLC, dba Sonic Boom Exploding Targets moves for leave to file its Second Amended Answer and Counterclaims pursuant to Fed. R. Civ. P. 15 and this Court's October 6, 2015 Order. Defendant's motion is GRANTED.

## BACKGROUND

Plaintiffs Tannerite Sports, LLC and Daniel Tanner filed a complaint against defendant alleging patent infringement of its Tannerite® brand binary targets under the Patent Act, 35 U.S.C. § 271. Plaintiff Daniel Tanner is the patent holder of binary exploding rifle targets used for long-range shooting practice. These targets are safe and legal to ship and store because they are packaged to keep the oxidizer separate from the catalyst, thus preventing the target from exploding until mixed. Plaintiffs allege that defendant continues to willfully and deliberately commit direct infringement, inducement of direct infringement by its customers and end users, and contributory infringement of at least claim 25 of U.S. Patent No. RE44,386 ("the '386 patent") through its manufacture, use, sale, and offering for sale of nearly identical binary exploding rifle targets marketed under the "Sonic Boom" brand name. Plaintiff further alleges that defendant infringed U.S. Patent

Page 2 - OPINION AND ORDER

No. RE44,440 ("the '440 patent") in the same manner summarized above.

In its Amended Answer, defendant alleged the following three counterclaims: (1) defendant has not directly or indirectly infringed, and is not continuing to directly or indirectly infringe, the '386 or '440 patent; (2) some or all of the claims of the '386 and '440 patents are invalid; and (3) plaintiffs have engaged in inequitable conduct rendering the '386 and '440 patent claims invalid and unenforceable.

On August 10, 2015, plaintiffs filed a motion to dismiss defendant's three counterclaims. Plaintiffs' motion was granted in part and denied in part, and defendant granted twenty days to request leave to amend its counterclaims and to provide a copy of the proposed amendments to the Court (doc. 41).

On October 26, 2015, defendant timely moved for leave to file its Second Amended Answer and Counterclaims and attached the proposed amendments to the motion.

### STANDARD OF REVIEW

Fed. R. Civ. P. 15 governs amended and supplemental pleadings. With regard to amended pleadings, Rule 15 expressly states "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Further, district courts apply Rule 15 with "extreme liberality". Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). Nonetheless, district courts consider several factors when determining whether to allow a motion to amend, including bad faith, undue delay, prejudice to the

opposing party, futility of the amendments, and whether previous amendments have been allowed. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>U.S. v. Corinthian Colls.</u>, 655 F.3d 984, 995 (9th Cir. 2011). Of these five factors, prejudice to the opposing party is afforded the greatest weight. <u>Eminence Capital</u>, 316 F.3d at 1052.

## DISCUSSION

The issue before the Court is whether allowing defendant to file its amended counterclaims would cause prejudice to plaintiffs, undue delay, or would be futile. The Court finds no evidence of prejudice or undue delay given that the amended counterclaims are brought within the time allotted by the Court and the parties are in the early stages of discovery. Additionally, there is no evidence defendant's amendments were made in bad faith; rather, they were alleged pursuant to the October 6, 2015 Order.

Furthermore, the Court is not persuaded by plaintiffs' argument that defendant's request for leave to amend should be denied because defendant's proposed amendments are futile. Defendant's proposed amended counterclaims and briefing filed in support of the motion contain specific allegations with additional facts and exhibits supporting the proposed amendments. Thus, the Court finds allowing defendant to file its amended counterclaims will not be futile and therefore grants leave to file the proposed amendments. <u>Eminence Capital</u>, 316 F.3d at 1052 (absent prejudice or a strong showing of the remaining factors, leave to amend shall be granted).

## CONCLUSION

For the reasons set forth above, defendant's motion for leave to file its Second Amended Answer and Counterclaims (doc. 45) is GRANTED.

IT IS SO ORDERED.

Dated this 18 day of December 2015.


_____
Ann Aiken
United States District Judge